IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| NECOLE GARDNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>RS CLARK AND ASSOCIATES, INC.,<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff NECOLE GARDNER (hereinafter, "Plaintiff"), an Alabama resident, brings this class action complaint by and through her undersigned attorneys, against Defendant RS CLARK AND ASSOCIATES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

1

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Alabama consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of Mobile, Alabama, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant RS Clark and Associates, Inc. is a collection agency with its principal office and registered agent located at 12990 Pandora Drive, Suite 150, Dallas, Texas 75238.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of:

    a) All consumers who have an address in the state of Alabama b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt, d) that states "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officers, members,

3

partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §1692e and 1692g.

17. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

18. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is

whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692g.

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to August 15, 2016, an obligation was allegedly incurred to Radiology Consultants of N.

24. The alleged Radiology Consultants of N obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for medical purposes.

25. The alleged Radiology Consultants of N obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Radiology Consultants of N is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. Defendant contends that the "Radiology Consultants of N" debt is past due.

28. Defendant RS Clark and Associates, Inc. is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

29. Radiology Consultants of N directly or through an intermediary contracted the Defendant to collect the alleged debt.

30. On or about August 15, 2016, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged debt. *See* **Exhibit A.**

31. Upon information and belief, the August 15, 2016 letter was the first communication between the Defendant and Plaintiff regarding the Radiology Consultants of N debt.

32. The August 15, 2016 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

33. The August 15, 2016 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

34. The Plaintiff received and read the Letter sometime after August 15, 2016.

35. The Letter stated in part:

    "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."

36. Upon reading the notice, the Plaintiff, as would any least sophisticated consumer, believed that the only legally effective way to notify the Defendant that she is disputing the debt was to do so in writing.

37. Pursuant to 15 U.S.C. §1692g(a)(3) a debt collector must within five days after the initial communication, send the consumer a written notice containing a statement that if the consumer notifies the debt collector within 30 days after receiving the notice that the consumer disputes the validity of the debt or any portion thereof, the debt collector will assume the debt is valid.

38. Pursuant to 15 U.S.C. §1692g(a)(3), a consumer may dispute the debt, or any portion thereof, over the phone.

39. Congress adopted the debt validation provisions of section 1692g to guarantee that

7

consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

40. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

41. By providing an inaccurate validation notice, the Defendant caused the Plaintiff real harm by depriving her of information to which she was statutorily entitled to receive, by making it more difficult for the Plaintiff to exercise her dispute rights, by making it less likely that Plaintiff would dispute her debt, and by subjecting the Plaintiff to deceptive collection practices which she had a substantive right to be free from.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

44. The Defendant violated said provision by failing to accurately convey the validation notice in violation of 1692g(a)(3).

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48. Pursuant to 1692e, a debt collector may not use any false, deceptive or misleading representation in connection with the collection of a debt.

49. The Defendant violated said section by falsely stating that the Plaintiff could only legally dispute said debt was in writing in violation of 15 U.S.C. § 1692e(10).

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees

and expenses;

   (e) Awarding pre-judgment interest and post-judgment interest; and

   (f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 10, 2017

        */s/ David I. Schoen*
        DAVID I. SCHOEN
        Alabama Bar No. 0860-O42D
        Local Counsel for Plaintiff
        2800 Zelda Road, Suite 100-6
        Montgomery, AL 36106
        (334) 395-6611 Office
        (917) 591-7586 Fax
        Email: Schoenlawfirm@gmail.com
        *Attorneys for Plaintiff*

        */s/ Yitzchak Zelman*
        Yitzchak Zelman, Esq.
        MARCUS & ZELMAN, LLC
        1500 Allaire Avenue, Suite 101
        Ocean, New Jersey 07712
        (732) 695-3282 telephone
        (732) 298-6256 facsimile
        *Attorneys for Plaintiff*
        *Pro Hac Vice Application To Be Filed*